Arthur 0. Aulisi, J.
Plaintiffs, Evabelle C. Wiesner and Jerry Wiesner, her husband, New York residents, brought an action in Washington County Supreme Court to recover damages for personal injuries sustained by Evabelle C. Wiesner while a patient in the Emma. Laing Stevens Hospital as a result of the alleged negligence of Avis Swinyer and the other defendants. After being served with a summons and complaint, Avis Swinyer, a resident of the State of Vermont, forwarded said *103 papers to the Vermont Mutual Fire Insurance Co., and the Union Mutual Fire Insurance Co., hereinafter referred to as Vermont and Union, respectively. Vermont and Union, both Vermont corporations, had issued homeowners’ policies of insurance to Avis Swinyer. Both companies declined a defense and coverage pursuant to the terms of the policies.
Avis Swinyer then commenced a third-party action against Vermont and Union, asking the court to declare the rights of the parties under the terms of the policies. Third-party defendants were served at their respective corporate offices in Montpelier, Vermont.
Vermont and Union have now moved under paragraph 8 of subdivision (a) of CPLR 3211 for an order vacating service of the summons and dismissing the third-party complaint as to defendants Vermont and Union upon the ground that the court lacks jurisdiction over said two defendant corporations.
In order for the courts of New York State to exercise personal jurisdiction over a foreign corporation, one of several elements must be present. The foreign corporation must either be licensed or authorized to do business within the State of New York. If not authorized or licensed to do business in this State, a foreign corporation may still be subject to the jurisdiction of the courts if it is actually present by virtue of its doing business within the State. A foreign corporation can consent to the jurisdiction of New York courts, or it can waive its right to immunity by appearing in an action and failing to contest jurisdiction.
With respect to defendants Vermont and Union, from the papers submitted to the court, it clearly appears that they are neither authorized nor licensed to do business in New York State. They do not have offices in this State nor do they write policies here, so that jurisdiction cannot attach on the basis of defendants doing business within the State. It cannot be said that Vermont and Union consent to jurisdiction or that they have waived their right to immunity, since they are here moving to vacate the summons and to dismiss the complaint.
Personal jurisdiction over nonresidents may be exercised if such nonresident performs one of the acts set forth in CPLR 302, the ‘ ‘ long-arm statute, ’ ’ which provides as follows:
“ § 302. Personal jurisdiction by acts of non-domícílíarles “ (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
*104 ‘ ‘ 1. transacts any business within the state; or
‘1 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
“ 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
“ (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
“ (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
‘ ‘ 4. owns, uses or possesses any real property situated within the state.”
As to paragraph 1 of subdivision (a) of CPLR 302, neither Vermont nor Union transacts any business within the State of New York. In the instant case, the insurance policies in question were issued in Vermont, to a Vermont resident by Vermont corporations. As to paragraphs 2 and 3 of subdivision (a), both require a tortious act to be committed. Neither Vermont nor Union has committed such an act, nor is it alleged by third-party plaintiff that they have done so. No claim has been made with regard to paragraph 4 of subdivision (a), requiring ownership, possession or use of real property within the State of New York; and jurisdiction, therefore, cannot attach on that basis.
Plaintiff Swinyer’s attorneys contend that the cases of Seider v. Roth, 17 N Y 2d 111; Simpson v. Loehmann, 21 N Y 2d 305; and Minichiello v. Rosenberg, 410 F. 2d 106 provide a sufficient basis upon which jurisdiction could be predicated in the case at bar.
In each of those cases, however, suit was commenced by service of a summons and complaint, and by an attachment of the contractual obligation, that is, the insurance policy which was a “ debt ” owed to the particular defendant and as such subject to attachment. In each of them, the defendant insurance companies were within the jurisdiction of the court, in that they were transacting business in the State, and, therefore, present for jurisdictional purposes. That is not the situation with respect to Vermont and Union. Neither compány is a resident of New York; neither is licensed to do business here; nor do they do business within the State.
At the argument of this motion, counsel for third-party plaintiff informed the court that he had in his possession, in court, *105 the insurance policies issued to Avis Swinyer by Vermont and Union. He argued that since the injuries sustained by plaintiff arose from the alleged tort that occurred in a hospital in New York State and the policies are now in New York State, this constitutes sufficient basis on which the court could predicate jurisdiction. I do not agree. The mere presence of the insurance policies in the State does not constitute that jurisdictional nexus upon which jurisdiction can be exercised. It is not the same as the presence of the insurers in the forum State, which was one of the decisive factors in Seider, Simpson and Minichiello (supra). Third-party plaintiff has failed to meet the basic requirements upon which this court could retain jurisdiction over Vermont and Union. The burden of proving jurisdiction over a nondomiciliary under CPLR 302 rests upon third-party plaintiff (Lamarr v. Klein, 35 A D 2d 248). In the instant case, third-party plaintiff has not met that burden.
The motion to vacate the service of the summons and for dismissal of the third-party complaint as against Vermont and Union is hereby granted.